**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANJANETTE YOUNG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs | ) Case No.: 19-cv-05312 |
| | ) |
| THE CITY OF CHICAGO; CHICAGO POLICE | ) Judge John J. Tharp Jr. |
| OFFICERS ALAIN APORONGAO, STAR NO. | ) |
| 4871; ALEX WOLINSKI, STAR NO. 2605; | ) Magistrate Judge Sidney Schenkier |
| BRYAN MORDAN, STAR NO. 11437; | ) |
| GABRIEL CRUZ, STAR NO. 2844; MICHAEL ORTA, | ) |
| STAR NO. 11485; JOSEPH LISCIANDRELLO; | ) |
| STAR NO. 119362; MICHAEL DONNELLY, | ) |
| STAR NO. 13784; TITO JIMENEZ, STAR NO. 14955; | ) |
| FILIP BIENIASZ, STAR NO. 15454; NIKOLA SARIC, | ) |
| STAR NO. 18200; CODY MALONEY, STAR NO. 13032;) |
| ERIC ACEVEDO, STAR NO. 13560; | ) |
| OFFICER FRENCH,STAR NO. 15013; OFFICER VILLA,) |
| STAR NO. 14319, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' JOINT MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW**

Defendant City of Chicago, by and through it attorney, Mark A. Flessner, Corporation

Counsel for the City of Chicago, and Defendant Officers Alain Aporangao, Alex Wolinski, Bryan

Mordan, Gabriel Cruz, Michael Orta, Joseph Lisciandrello, Michael Donnelly, Tito Jimenez, Filip

Bieniasz, Nikola Saric, Cody Maloney, Eric Acevedo, Ella French, and Jose Villa, by and through

one of their attorneys, Elizabeth K. Hanford, Assistant Corporation Counsel, (collectively,

"Defendants") hereby jointly move this Honorable Court, pursuant to Federal Rule of Civil

Procedure 12(b)(6), to dismiss Plaintiff's First Amended Complaint at Law in its entirety and, in

support thereof, state as follows:

1

**INTRODUCTION**

Plaintiff Anjanette Young ("Plaintiff") filed her original complaint on August 26, 2019, naming as Defendants the City of Chicago, Officer Aporangao, Sergeant Wolinski, and unknown Chicago Police Officers. ECF No. 1. Plaintiff filed her First Amended Complaint at Law on October 12, 2019. ECF No. 15. In her First Amended Complaint, Plaintiff raises the following claims: unlawful search and seizure under the Fourth Amendment of the United States Constitution (Count I); and the following counts under Illinois law; false imprisonment (Count II); false arrest (Count III); assault (Count IV); invasion of privacy (Count V); trespass (Count VI); intentional infliction of emotional distress (Count VII); and negligent infliction of emotional distress (Count VIII). *Id*. Plaintiff bases these claims on the execution of a search warrant that took place on February 21, 2019. *Id*. at ¶¶ 13-15. Defendants jointly move to dismiss all pending claims.

According to Plaintiff's First Amended Complaint, on February 21, 2019, at 10:00 a.m., Defendant Officer Aporongao obtained a search warrant authorizing a search of 164 N. Hermitage Ave., 1st Fl., Chicago, Illinois, 60612. *Id*. at ¶ 35. This search warrant, approved by a Cook County Assistant State's Attorney and signed by a Circuit Court of Cook County judge, authorized the Defendants to search 164 N. Hermitage Ave., 1st Fl., Chicago, Illinois, 60612, for a black semi-automatic handgun. *Id*. at ¶¶ 36, 50. Defendants applied for the search warrant after receiving information from a J. Doe that Andy Simpson lived in the apartment and was in possession of a handgun. *Id*. at ¶¶ 41, 49.

Around 7:00 p.m. that same day, Defendant Officers went to 164 N. Hermitage Ave., 1st Fl., to execute the search warrant, and encountered Plaintiff in the apartment. *Id*. at ¶¶ 14-15. Mr. Simpson was not in the apartment when Defendant Officers arrived. According to Plaintiff's First

Amended Complaint, Mr. Simpson did not reside there. *Id*. at ¶ 38. No weapons or other illegal contraband were recovered.

The First Amended Complaint must be dismissed in its entirety because Plaintiff has pled herself outside of court by incorporating by referencing the lawfully obtained search warrant that was issued on February 21, 2019. In light of the authentic search warrant which Plaintiff incorporates into her Complaint, the facts plead do not permit a reasonable inference that a constitutional violation occurred. Further, Plaintiff's state law claims are insufficiently pled because the search warrant Plaintiff relies on authorized Defendant Officers to detain Plaintiff. In addition, Plaintiff's emotional distress claims do not permit a reasonable inference that Defendant Officers acted with extreme and outrageous disregard for Plaintiff's well-being. Accordingly, Plaintiff's First Amended Complaint must be dismissed in its entirety.

## STANDARD OF REVIEW

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In order to state a claim, a complaint must "contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Offering nothing more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (1955)). Neither will merely tendering "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* Although the modern Rule 8 marks a departure from the historical hyper-technical, code-pleading standard, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

3

## ARGUMENT

Defendants are entitled to dismissal on all claims. First, Plaintiff's Fourth Amendment, privacy, and trespass claims fail because the officers entered the home based upon probable cause and pursuant to a valid search warrant that was signed by a judge. Plaintiff incorporates this search warrant by reference, citing to it multiple times throughout her complaint. To fulfil the rule of completeness and properly apprise the Court of all pertinent facts, the entire search warrant is attached as Exhibit A. By incorporating this search warrant into her complaint, Plaintiff has pled herself out of court. *See McFadden v. Pryor*, Case No. 12-cv-4110, 2015 WL 3932100, at \*4 (N.D. Ill. June 25, 2015).[1] Plaintiff's state law false imprisonment and false arrest claims fail because plaintiff does not plead facts that permit a reasonable inference that detention was unnecessary to ensure officer safety in executing a search warrant. The assault and emotional distress claims succumb to the Illinois Tort Immunity Act. Lastly, *respondeat superior* and indemnification claims fail because there is no liability on any underlying claims.

**I.      Count I (search and seizure), Count V (privacy), and Count VI (trespass) must be dismissed because Defendants lawfully entered the premises.**

Before searching 164 N. Hermitage Ave., 1st Fl., Chicago, Illinois, 60612, Defendant Officer Aparangao presented evidence under oath to a Circuit Court of Cook County judge and obtained a search warrant. ECF No. 15 at ¶¶ 35, 50. Search warrants are presumed to be valid. *See United States v. Childs*, 447 F.3d 541, 546 (7th Cir. 2006). Omissions and immaterial misstatements will not invalidate an otherwise legitimate warrant. *See Forman v. Richmond Police Dep't*, 104 F.3d 950, 964 (7th Cir. 1997); *see also Supreme Video, Inc. v. Schauz*, 15 F.3d

---

[1] "[A]lthough a court usually may not consider materials outside of the pleadings on a Rule 12(b)(6) (or 12(c)) motion), 'an exception exists when a concededly authentic document is referred to in a complaint and is central to the plaintiff's claim.'" *Crosby v. City of Chicago*, No. 18-cv-4094, 2018 WL 6198483, at \*1 (N.D. Ill. Nov. 28, 2018) (citing *ADM Alliance Nutrition, Inc. v. SGA Pharm Lab, Inc.*, 877 F.3d 742, 746 (7th Cir. 2017)); *see also Skeberdis v. Kinnally*, No. 17-cv-6261, 2018 WL 3068379, at \*1 n.3 (N.D. Ill. June 21, 2018) (a warrant is a public record of which the Court may take judicial notice).

1435, 1441 (7th Cir. 1994). The "law affords great deference to the probable cause finding made

by the judge who evaluated the warrant application in the first instance, and [courts]… will uphold

that determination so long as there is a substantial basis for concluding that a search would uncover

evidence of wrongdoing." *Edwards v. Jolliff-Blake*, 907 F.3d 1052, 1057 (7th Cir. 2018) (*citing*

*Illinois v. Gates*, 462 U.S. 213, 236 (1983)).

"A reasonably executed search pursuant to a valid search warrant generally will not violate

the Fourth Amendment." *Horton v. City of Chicago*, 2012 WL 379770, at *4 (N.D. Ill. Feb. 3,

2012). A search warrant must be supported by probable cause and describe the place to be searched

and things to be seized. *See United States v. Aljabari*, 626 F.3d 940, 947 (7th Cir. 2010). "The

existence of probable cause is generally a fact question, but determining whether probable cause

exists as a matter of law is appropriate if there is no room for a difference of opinion concerning

the facts or their implications." *Horton v. City of Chicago*, 2012 WL 379770, at *4 (N.D. Ill. Feb.

3, 2012) (*citing Horne v. Wheeler*, 2005 WL 2171151, at *5 (N.D.Ill. Sept. 6, 2005), *see also*

*Jackson-Long v. Vill. of Matteson*, 2011 WL 6257160 (N.D. Ill. 2011) (dismissing a complaint

alleging police executing a search warrant violated the 4th Amendment.)

Along those same lines, "a party cannot be liable for trespass if acting pursuant to and

within the scope of a valid court order." *Ortiz v. City of Chicago*, 686 F. Supp. 2d 782, 795 (N.D.

Ill. Feb. 18, 2010). Similarly, Illinois courts have extended the "reasonableness" requirement of

the Fourth Amendment to invasion of privacy claims, in that a warrant and probable cause showing

dispels any claim. *See People v. Watson*, 214 Ill.2d 271, 279–280 (2005).

The facts of this case are similar to the decision in *Edwards v. Jolliff-Blake*, 907 F.3d 1052

(7th Cir. 2018). In *Edwards*, a judge found probable cause and authorized a warrant to search for

heroin after a J. Doe informant testified under oath. *Id*. at 1056. Four days later the police executed

the search warrant and failed to locate either heroin or the subject of the warrant. *Id*. The homeowners discovered minor property damage and sued, alleging a violation of their constitutional rights. *Id*. The Seventh Circuit in *Edwards* deferred to the probable cause finding made by the judge who evaluated the warrant application and found the search warrant to be valid. *Id*. at 1057, 1062 (*citing Illinois v. Gates*, 462 U.S. 213, 236 (1983)).

It is undisputed that Defendant Officers obtained a search warrant for 164 N. Hermitage Ave., 1st Fl., Chicago, Illinois, 60612. ECF No. 15, at ¶ 35. The judge found probable cause and issued a search warrant for the first floor apartment. *Id*. The warrant authorized the police to search for a black semi-automatic handgun, ammunition, any articles or documents establishing residency, and locked containers and any other illegal contraband. *Id*. at ¶ 36. While the warrant identified Andy L. Simpson as the subject of the warrant, the search was not conditioned on the police locating Mr. Simpson at the apartment. Plaintiff's Fourth Amendment, privacy, and trespass claims rely on her belief that the warrant was invalid because Defendants could and should have done more investigation before executing the search warrant to determine who resided in the apartment. *Id*. at ¶¶ 52–54. Yet, Plaintiff does not plead any facts which plausibly suggest that Defendant Officers search warrant was obtained through an intentionally false statement or with reckless disregard for the truth. *See Bryant v. City of Chicago*, No 13-cv-1319, 2017 WL 1386174 (N.D. Ill. April 18, 2017).

Issuance of a search warrant does not require that the subject of the search warrant to reside at the target address, but rather "requires a probability or substantial chance of criminal activity." *Horne v. Wheeler*, 2005 WL 2171151, at *4 (N.D. Ill. Sept. 6, 2005), *citing Illinois v. Gates*, 462 U.S. 213, 244 (1983). In *Horne*, the court found the fact that the subject of the warrant did not live at the address listed in the warrant did not undercut the informant's statement that the subject

6

sold drugs out of that apartment. *Id*. at *5. According to the court in *Horne*, it "is not uncommon for criminals to conduct illegal activity at locations other than their primary residence." *Id*. As such, a warrant does not mandate that the subject of the warrant reside at the apartment to be searched. *Id*. at *4. Even if Andy Simpson did not reside in the 1st floor apartment, the warrant for the 1st floor is not invalidated by those facts. Mr. Simpson could easily possess a weapon in the 1st floor apartment without living there. The police had a valid search warrant issued by a judge for the 1st floor apartment to search for evidence of a handgun and for Mr. Simpson, whether or not he lived at the address. Even taking all of the steps that Plaintiff suggests in her complaint would not have taken care of the fact that criminals conduct activity in areas other than their own home.

Further, Plaintiff's argument completely disregards and discredits the Cook County judge and Assistant State's Attorney who reviewed the facts, questioned the J. Doe, and determined that there was sufficient probable cause to authorize Defendants to enter the home and conduct a search. The search warrant provides that the J. Doe was sworn under oath when he provided the following information: "within the last 48 hours, J. Doe went to 164 N. Hermitage Ave. 1ˢᵗ floor apartment…. [where] SIMPSON, Andy L. … retrieved a semi-auto black handgun from his front waist band and showed J. Doe … [then] ejected the black magazine and showed J. Doe the live ammunition from the semi-automatic handgun. J. Doe stated that he knows the handgun was real because of his familiarity with hand guns." *See* Search Warrant, attached hereto as Exhibit A. The search warrant further provides that the J. Doe identified Andy Simpson when shown a photograph and identified the apartment when Defendant Officer Aporangao drove the J. Doe to the housing complex. *Id*. The Cook County judge heard this recitation of facts directly from J. Doe and signed each page of the complaint for search warrant, indicating that the sworn statements were presented

before the judge. *Id*. Based on the search warrant issued for the 1st floor apartment (Plaintiff's

apartment), Plaintiff's complaint should be dismissed in its entirety with prejudice.

II.     **Count II (false imprisonment) and Count III (false arrest) fail because Plaintiff was lawfully detained.**

To establish a false imprisonment claim, "a plaintiff must show that that he was restrained

unreasonably."[2] *Reynolds v. Menard, Inc.*, 365 Ill. App. 3d 812, 837 (1st Dist. 2006); *see also*

*Irvin v. Southern Illinois Healthcare*, 2019 IL App (5th) 170446, at ¶ 41. Similarly, under Illinois

law, "false arrest is the unlawful restraint of an individual's personal liberty."[3] *Meerbrey v.*

*Marshall Field & Co.*, 189 Ill. App. 3d 1085, 1091 (1st Dist. 1989). Yet "a warrant to search . . .

implicitly carries with it the limited authority to detain the occupants of the premises while a proper

search is conducted." *People v. Connor*, 358 Ill. App. 3d 945, 953 (1st Dist. 2005) (*citing*

*Michigan Summers*, 452 U.S. 692, 705 (1981)); *see also Bailey v. U.S.*, 568 U.S. 186, 193 (2013);

*see also Jacobs v. Paynter*, 727 F. Supp. 1212, 1220 (N.D. Ill. 1989) (false imprisonment and false

arrest claims are linked to viability of Fourth Amendment search and seizure claim); *see also*

*Muhammad v. Pearson*, 900 F.3d 898, 907 (7th Cir. 2018) ("When police are executing a search

warrant, the Fourth Amendment does not forbid them from detaining the occupants of the premises

during the search."). In addition, handcuffs may be lawfully used to detain an individual during

the search of a home. *See Connor*, 358 Ill. App. 3d at 952. The purpose is to decrease any safety

risk that may arise during the execution of a search warrant. *Id*. Here, Defendant Officers were

acting pursuant to a valid search warrant, thus defeating Plaintiff's false imprisonment and false

---

[2] Although this Honorable Court in *Boone v. City of Chicago*, No. 16-cv-11510, 2018 WL 1014509 (N.D. Ill. February 22, 2018) states the law as requiring a showing that an officer had reasonable grounds to believe a person committed an offense, *Irvin v. Southern Illinois Healthcare*, 2019 IL App (5th) 170446, demonstrates otherwise and instead suggests that "reasonableness of the restraint" is the cornerstone of the inquiry. This case is further distinguished from *Boone*, because there are no allegations that Defendant Officer Aporongao (the affiant) knew that information contained in the search warrant was false.

[3] Illinois case law provides that duplicative claims may be properly dismissed. *See DeGeer v. Gillis*, 707 F. Supp. 2d 784, 795 (N.D. Ill. 2010) (citing *Nagy v. Beckley*, 218 Ill. App. 3d 875, 879 (1st Dist. 1991).

arrest claims.

### III. Count IV (assault) cannot survive dismissal, because Defendant Officers did not make threating statements or intend to cause harm.

Under Illinois law, assault is "an intentional, unlawful offer of corporal injury by force unlawfully directed, under such circumstances as to create a well-founded fear of imminent peril, coupled with the apparent present ability to effectuate the attempt if not prevented." *See Hespe v. City of Chicago*, 307 F. Supp. 3d 874, 890 (N.D. Ill. 2018) (quoting *Parrish by Bowker v. Donahue*, 110 Ill. App. 3d 1081, 1083 (3rd Dist. 1982). In other words, "[a]n assault requires words, ordinarily accompanied by a menacing gesture (such as pointing a gun at the plaintiff)." *Merheb v. Ill. State Toll Highway Authority*, 267 F.3d 710, 714 (7th Cir. 2001). The only statement Plaintiff claims that Defendant Officers made while allegedly pointing guns at her is to put her hands up. This statement is a standard one used by many police officers and is not an offer of corporal injury. Further, Defendant Officers were justified in pointing their guns at an unknown individual and telling her to put her hands up, because they were executing a lawful search warrant for a semi-automatic handgun—an inherently dangerous situation.

But even if Defendant Officers' conduct could be considered an assault under Illinois law, Plaintiffs cannot show that their conduct was willful and wanton. The Illinois Tort Immunity Act shields public employees from liability for actions committed "in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202. Conduct is "willful and wanton" where it is performed with an "actual or deliberate intention to harm or with an utter indifference to or conscious disregard for the safety of others" or "reckless disregard for the safety of others." *Chelios v. Heavener*, 520 F.3d 678, 693 (7th Cir. 2008) (citations omitted). Defendants were executing a valid search warrant when they entered the apartment. *See* ECF No. 15 at ¶ 35. The law is clear that in order to preserve officer safety,

occupants can be detained and handcuffed. *See Connor*, 358 Ill. App. 3d at 952. It follows that having their weapons drawn while they clear the house is not an assault and certainly not willful and wanton. Plaintiff has not presented any evidence that would show that the Defendant Officers engaged in any conduct that was intended to harm Plaintiff. Instead, Plaintiffs' version of events merely demonstrates that Defendant Officers were executing a search warrant. Accordingly, Plaintiff fails to show that the officers' actions rise to the level of willful and wanton conduct.

## IV. Count VII (intentional infliction of emotional distress) fails to provide sufficient facts to support this claim.

Illinois courts set a "high bar" for a plaintiff to properly set forth an intentional infliction of emotional distress ("IIED") claim. *Richards v. U.S. Stee*l, 869 F.3d 557, 566 (7th Cir. 2017). To state a claim for IIED under Illinois law, a plaintiff must allege that: (1) the conduct involved must be extreme and outrageous; (2) the actor must intend that his conduct cause severe emotional distress or be aware of a high probability of causing severe emotional distress; (3) the conduct must actually cause severe emotional distress. *Breneisen v. Motorola, Inc.*, 512 F.3d 972, 983 (7th Cir. 2008) (citing *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 269 (2003)). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Schweihs v. Chase Home Fin., LLC*, 2016 IL 120041, ¶ 51. If any one of these elements is missing, a party cannot establish an IIED claim. *See, e.g., Smith v. Dominick's Finer Foods, Inc.*, No. 05-cv-4461, 2009 WL 2358580, at * 6 (N.D. Ill. July 28, 2009) ("Plaintiff has the burden of establishing the elements of his IIED claim.").

Plaintiff's claim fails on the outset because Plaintiff's complaint does not contain any unlawful conduct. Yet even if an underlying claim survives, Plaintiff still fails to allege sufficient facts to establish any of the elements of an IIED claim. At most, Plaintiff's allegations are a mere

restatement of the elements of the claim, which is insufficient. *See, e.g., Twombly*, 550 U.S. at 545 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.")

To determine whether conduct alleged is extreme and outrageous, courts employ an objective standard, taking into consideration the particular facts of the case. *Lewis v. Sch. Dist. #70*, 523 F.3d 730, 747 (7th Cir. 2008). The Illinois Supreme Court has held that "to qualify as outrageous, the nature of the defendant's conduct must be so extreme as to go beyond all possible bounds of decency and be regarded as intolerable in a civilized society." *Feltmeier*, 2074 Ill. 2d 263, 274 (2003). When an IIED claim arises from abuse of police power, "there must be allegations of more than a misuse of police authority to support a claim of extreme and outrageous behavior." *Carr v. Village of Richmond*, No. 96-cv-50203, 1996 WL 663921, at *9 (N.D. Ill. Nov. 15, 1996). Plaintiff fails to allege such facts.

There are no allegations Defendant Officers created any false statements or otherwise fabricated any evidence; instead, Plaintiff merely alleges Defendant Officers relied on statements from the J. Doe (ECF No. 15 at ¶ 41), which are the same statements that the Cook County judge relied upon when the J. Doe provided sworn statements to him. Such reliance on the part of the Defendant Officers does not rise to the level of extreme and outrageous behavior, much less a misuse of police authority. *See Carr*, No. 96-cv-50203, 1996 WL 663921, at *8.

Further, there are no facts alleged from which it could reasonably be inferred that Defendant Officers intended to inflict severe emotional distress upon Plaintiff or that Defendant Officers recklessly disregarded a high probability that their conduct would cause Plaintiff severe emotional distress.

Moreover, Plaintiff has failed to allege any facts establishing that she suffered severe emotional distress. Plaintiff claims that she "suffered and continues to suffer long-term, severe emotional distress and trauma" (ECF No. 15 at ¶ 129), but it is well-settled that the types of harm Plaintiff alleges are not considered "severe" and are insufficient to state a claim for IIED. *See, e.g.*, *Khan v. American Airlines*, 266 Ill. App. 3d 726, 733 (1994) (where plaintiff alleged that as a result of the an incident with police, he had "problems sleeping, refrain[ed] from discussing the incident with his spouse, fear[ed] that he will again be arrested, [and] has reoccurring nightmares of being arrested," the court upheld dismissal of the plaintiff's IIED claim because these harms were not severe and were not the type that "no reasonable person could be expected to endure.") (internal quotations omitted); *Adams v. Sussman &Hertzberg*, Ltd., 292 Ill. App. 3d 30, 38 (1997) ("[t]he infliction of such emotional distress as fright, horror, grief, shame, humiliation and worry is not sufficient to give rise to a cause of action [for IIED]"); *Farrar v. Bracamondes*, 332 F. Supp. 2d 1126 (N.D. Ill. 2004) ("Stress, nervousness, anxiety, and sleeplessness that do not require medical treatment are not severe emotional distress"). Because Plaintiff has not alleged facts sufficient to establish any element of this claim, Count VII must be dismissed.

## V.     Count VIII (negligent infliction of emotional distress) must be dismissed with prejudice.

Plaintiff attempts to plead a negligent infliction of emotional distress claim. But under Illinois law, Defendant Officers would never be liable for any negligence claims alleged. *See* Illinois Tort Immunity Act, 745 ILCS 10/2-202. As such, Count VIII must be dismissed with prejudice.

**VI.** **Plaintiff fails to plead her complaint with specificity as to Defendant Officers' conduct.**

In order to prevail on a civil rights action, Plaintiff "must prove that the defendant personally participated in or caused the unconstitutional actions." *Allejo v. Heller*, 382 F.3d 930, 936 (7th Cir. 2003); *see also Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982). The crux of Plaintiff's First Amended Complaint appears to be against Defendant Officer Aporangao for allegedly failing to conduct sufficient investigation into the resident of 164 N. Hermitage Ave., 1st Fl., Chicago, Illinois, 60612. Allegations against the remaining Defendant Officers are blanket statements demonstrating that Defendant Officers relied upon Defendant Officer Aporongao in applying for and obtaining the search warrant. Without a showing that the other Defendant Officers should have known of material false statements contained in the search warrant, there is no constitutional violation or related state law claims as to them. Accordingly, the remaining officers request that they be dismissed from this case given the lack of specificity in Plaintiff's operative complaint.

**VII.** **No claims exist to support *respondeat superior* or indemnification.**

Defendant City has a responsibility to pay a judgment for compensatory damages under a theory of *respondeat superior* pursuant to 745 ILCS 10/9-102. But Plaintiff may only recover damages from Defendant City pursuant to *respondeat* and indemnification if the Defendant Officers are found liable of a constitutional violation or an underlying tort. 745 ILCS 10/2-109; *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Given that all of Plaintiff's counts fail, dismissal of these claims is appropriate.

13

## CONCLUSION

**WHEREFORE** for the reasons stated, Defendants respectfully request that this Court

grant their motion to dismiss Plaintiff's First Amended Complaint at Law and grant any other

relief this Court deems just and proper.


Dated:  **January 24, 2020**                     Respectfully submitted,

                                                 **DEFENDANT OFFICERS**

                                                 By: */s/ Elizabeth K. Hanford*
                                                 ELIZABETH K. HANFORD
                                                 Assistant Corporation Counsel III

JESSICA GRIFF, Assistant Corporation Counsel Supervisor
ELIZABETH HANFORD, Assistant Corporation Counsel III
NATHAN SHINE, Assistant Corporation Counsel III
City of Chicago Department of Law
Federal Civil Rights Litigation Division
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 742-5113
Atty. No. 6324009
Jessica.Griff@cityofchicago.org
Elizabeth.Hanford@cityofchicago.org
Nathan.Shine@cityofchicago.org


                                                 **CITY OF CHICAGO**

                                                 MARK A. FLESSNER
                                                 Corporation Counsel for the City of Chicago

                                                 By: */s/ Marques Berrington*
                                                 MARQUES BERRINGTON
                                                 Assistant Corporation Counsel III

CAROLINE FRONCZAK, Deputy Corporation Counsel
MARQUES BERRINGTON, Assistant Corporation Counsel III
KYLE ROCKERSHOUSEN, Assistant Corporation Counsel III
City of Chicago Department of Law
Federal Civil Rights Litigation Division

30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-6995
Caroline.Fronczak@cityofchicago.org
Marques.Berrington@cityofchicago.org
Kyle.Rockershousen@cityofchicago.org

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2020, I served a copy of the foregoing using the

CM/ECF system, which will send notifications to all attorneys of record.

 /s/ *Elizabeth K. Hanford*
Elizabeth K. Hanford
Assistant Corporation Counsel