IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANJANETTE YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No.: 19-cv-05312 |
| ) | |
| THE CITY OF CHICAGO; CHICAGO POLICE ) | |
| OFFICERS ALAIN APORONGAO, STAR NO. ) | |
| 4870; ALEX WOLINSKI, STAR NO. 2605; ) | **Jury Trial Demanded** |
| BRYAN MORDAN, STAR NO. 11437; ) | |
| GABRIEL CRUZ, STAR NO. 2844; MICHAEL ORTA, ) | |
| STAR NO. 11485; JOSEPH LISCIANDRELLO; ) | |
| STAR NO. 19362; MICHAEL DONNELLY, ) | |
| STAR NO. 13784; TITO JIMENEZ; STAR NO. 14955; ) | |
| FILIP BIENIASZ, STAR NO. 15454; NIKOLA SARIC, ) | |
| STAR NO. 18200; CODY MALONEY, STAR NO. 13032; ) | |
| ERIC ACEVEDO, STAR NO. 13560; ) | |
| OFFICER FRENCH,STAR NO. 15013; OFFICER VILLA,) | |
| STAR NO. 14319, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO DISMISS COUNT I PURSUANT
TO FRCP 41 AND TRANSFER JURISDICTION OVER THE
REMAINING STATE COURT COUNTS TO THE APPROPRIATE STATE COURT**

**NOW COMES** Plaintiff, ANJANETTE YOUNG ("Plaintiff") by and through her attorney Keenan J. Saulter, of Saulter Law P.C., and for her Motion to Dismiss Count I of her First Amended Complaint Pursuant to FRCP 41 and to Transfer Jurisdiction Over the Remaining State Court Counts to the Appropriate State Court (Cook County Circuit Court) states as follows:

1

1. On October 12, 2019 Plaintiff filed her First Amended Complaint[1] (DE 15) (hereinafter referred to as the "FAC") against the Defendant City of Chicago and CHICAGO POLICE OFFICERS ALAIN APORONGAO, STAR NO. 4870; ALEX WOLINSKI, STAR NO. 2605; BRYAN MORDAN, STAR NO. 11437; GABRIEL CRUZ, STAR NO. 2844; MICHAEL ORTA, STAR NO. 11485; JOSEPH LISCIANDRELLO; STAR NO. 19362; MICHAEL DONNELLY, STAR NO. 13784; TITO JIMENEZ; STAR NO. 14955; FILIP BIENIASZ, STAR NO. 15454; NIKOLA SARIC, STAR NO. 18200; CODY MALONEY, STAR NO. 13032; ERIC ACEVEDO, STAR NO. 13560; OFFICER FRENCH, STAR NO. 15013; and OFFICER VILLA, STAR NO. 14319.

2. The FAC contains the following causes of action:

Count I—Unlawful Search and Seizure—Fourth Amendment Violation;

Count II—False Imprisonment—State Law;

Count III—False Arrest—State Law;

Count IV—Assault—State Law;

Count V—Invasion of Privacy—State Law;

Count VI—Trespass—State Law;

Count VII—Intentional Infliction of Emotional Distress—State Law; and

Count VIII—Negligent Infliction of Emotional Distress—State Law.

3. On January 24, 2020 the Defendants filed a Motion to Dismiss Plaintiff's FAC arguing that:

---

[1] Citations made to the docket will be denoted as "DE ___ at __".

> [t]he First Amended Complaint must be dismissed in its entirety because Plaintiff has pled herself outside of court by incorporating by referencing the lawfully obtained search warrant that was issued on February 21, 2019. In light of the authentic search warrant which Plaintiff incorporates into her Complaint, the facts plead do not permit a reasonable inference that a constitutional violation occurred. Further, Plaintiff's state law claims are insufficiently pled because the search warrant Plaintiff relies on authorized Defendant Officers to detain Plaintiff. In addition, Plaintiff's emotional distress claims do not permit a reasonable inference that Defendant Officers acted with extreme and outrageous disregard for Plaintiff's well-being. Accordingly, Plaintiff's First Amended Complaint must be dismissed in its entirety.

DE at p. 3.

4. Plaintiff files this Motion to Dismiss Count I and to Transfer Jurisdiction to the Appropriate State Court (Cook County) pursuant to FRCP 41.

5. While the Defendants attempt to Conflate Plaintiff's allegations and the various Counts of Plaintiff's Complaint—while arguing that they must fail because the Defendants allegedly entered the Plaintiff's home pursuant to a valid warrant, such conflation should not be allowed by this Court.

6. It strains common sense and basic reasoning to suggest that simply because a police officer or group of police officers are initially somewhere that they are allegedly legally allowed to be that they can't then violate the rights of a citizen.

7. Police officers routinely while on patrol or even while executing lawful orders, duties and/or warrants otherwise violate the rights of citizens.

8. Further, Plaintiff rejects the notion that simply by attaching the underlying Search Warrant obtained by the Defendant Officers that she has somehow plead herself out of court.

9. While Plaintiff does not argue extensively here the validity of the warrant, a review of the same will reveal that the "alleged" confidential informant's provided the Defendant Officers with wrong/fraudulent information—to whit the individual that the Defendant Officers were allegedly looking for had never lived at the Searched Address and the Defendant Officers could have easily learned this with a visit to the townhome complex manager or a search of any number of utility records.

10. This warrant—which was not based on probable cause, and as such the Defendants attempt to conflate their poorly sourced warrant for what was obviously wrong address—should not be used as a bar to Plaintiff bringing claims that the Defendant Police officers failed the reasonableness requirement for the application for and execution of search warrants.

11. The remaining claims against the Defendants allege violations of State of Illinois Tort Law and are properly heard in an Illinois State Court with jurisdiction—in this instance the Circuit Court of Cook County.

12. "Generally, when a court has dismissed all the federal claims in a lawsuit before trial, it should relinquish jurisdiction over supplemental state law claims rather than resolve them on the merits." *Cortezano v. Salin Bank & Trust Co.*, 680 F.3d 936, 941 (7th Cir. 2012).

13. "When the resolution of these claims is clear, nonetheless, the court may choose to decide them." *Cortezano*, 680 F.3d at 941.

**WHEREFORE** for the foregoing reasons, Plaintiff ANJANETTE YOUNG respectfully requests that this Court grant her Motion to Dismiss Count I of her First Amended Complaint Pursuant to FRCP 41 and to Transfer Jurisdiction Over the Remaining State Court Counts (Counts II-VIII) to the appropriate state court (the Cook County Circuit Court) and other such relief that this Court shall deem just and proper.

                                                    By:    /s/ *Keenan J. Saulter*
                                                            Attorney for Plaintiff

Keenan J. Saulter
**Saulter Law P.C.**
900 Ridge Road, Suite 3SE
P.O. Box 1475
Homewood, Illinois 60430
708.573.0060 Telephone
708.573.0061 Facsimile
kjs@saulterlaw.com

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the following document: **Plaintiff's First Amended Complaint at Law** was served on March 9, 2020, in accordance with Fed. R. Civ. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the District Court's system as to ECF filers.

By:   /s/ *Keenan J. Saulter*
Attorney for Plaintiff

Keenan J. Saulter
**Saulter Law P.C.**
900 Ridge Road, Suite 3SE
P.O. Box 1475
Homewood, Illinois 60430
708.573.0060 Telephone
708.573.0061 Facsimile
kjs@saulterlaw.com