**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANJANETTE YOUNG, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs ) <br> ) <br> THE CITY OF CHICAGO; CHICAGO POLICE ) <br> OFFICERS ALAIN APORONGAO, STAR NO. ) <br> 4871; ALEX WOLINSKI, STAR NO. 2605; ) <br> BRYAN MORDAN, STAR NO. 11437; ) <br> GABRIEL CRUZ, STAR NO. 2844; MICHAEL ORTA, ) <br> STAR NO. 11485; JOSEPH LISCIANDRELLO; ) <br> STAR NO. 119362; MICHAEL DONNELLY, ) <br> STAR NO. 13784; TITO JIMENEZ, STAR NO. 14955; ) <br> FILIP BIENIASZ, STAR NO. 15454; NIKOLA SARIC, ) <br> STAR NO. 18200; CODY MALONEY, STAR NO. 13032;) <br> ERIC ACEVEDO, STAR NO. 13560; ) <br> OFFICER FRENCH,STAR NO. 15013; OFFICER VILLA,) <br> STAR NO. 14319, ) <br> ) <br> Defendants. ) | Case No.: 19-cv-05312 |

**DEFENDANTS' JOINT EMERGENCY MOTION TO ENJOIN CBS FROM
VIOLATING THE COURT'S CONFIDENTIALITY ORDER, AND MOTION FOR
SANCTIONS AGAINST PLAINTIFF**

Defendants City of Chicago ("Defendant City"), by and through its attorney, Mark A. Flessner, Corporation Counsel of the City of Chicago, and the Individual Defendants, by and through one of their attorneys, Nathan Shine, Assistant Corporation Counsel, hereby move the Court to enjoin CBS from airing video footage in violation of this Court's Confidentiality Order Pursuant to Local Rule 77.2, and to Sanction Plaintiff for violating this Court's Confidentiality Order as the Court deems appropriate pursuant to Rule 37. In support of these motions, Defendants state as follows:

1

1. At 10 p.m. tonight, CBS intends to air footage from body worn camera that was produced pursuant to this Court's Confidentiality Order.[1]

2. On August 16, 2019, Plaintiff filed her Complaint against the City and its officers.

3. On January 24, 2020, Defendants filed a Joint Motion to Dismiss.

4. On February 7, 2020, the Court held a status hearing. At the status hearing, the Court set a briefing schedule. At that status hearing, Plaintiff requested that Defendants be ordered to produce the body worn camera of this incident.

5. Defense Counsel objected because there was a pending motion to dismiss, thereby rendering the request premature. Defense Counsel also objected based on their belief this was an attempt to provide the media with the body worn camera to paint an inaccurate picture of what happened during the subject search warrant. Counsel had highlighted the fact that there had already been a highly inaccurate and misleading story aired in relation to this case. All of this was stated in open court, and a rush transcript is forthcoming.

6. The Court met the parties halfway, and ordered Defendants to produce the body worn camera pursuant to a confidentiality order. ECF No. 33. As stated in that order, the Court was ordering the footage to be produced confidentially *for the reasons stated in open court*. Upon counsel's recollection (until a transcript is obtained) Plaintiff's counsel indicated that the video would not be shared with anyone given the deeply personal nature of its contens.

7. On February 20, 2020, the Court entered an Agreed Confidentiality Protective Order. ECF No. 35.

---

[1] See https://chicago.cbslocal.com/2020/12/14/watch-at-10-her-home-was-wrongly-raided-she-was-handcuffed-naked-body-camera-video-tells-the-story/

2

8. Paragraph 1 of the Confidentiality Order specifically included "discovery ordered by the Court." *Id*., p. 1. Paragraph 14 of the Order specifically states that the order remains in effect even after the litigation is concluded. *Id*., pp. 1, 9. Paragraph 18 also specifically prohibits disclosure to the public, and directs any party or counsel to the IFOIA process in order to disclose any materials. *Id*., pp. 10. The order also required Plaintiff to return the video at the conclusion of the litigation. That never happened.

9. Rather than file a response to the motion to dismiss, Plaintiff filed a motion to voluntarily dismiss. ECF No. 36. Plaintiff indicated she would re-file in state court, but to counsel's knowledge, has not yet done so.

10. On December 12, 2020, the undersigned counsel was made aware of a story that CBS 2 was doing regarding Plaintiff. In the promotion, the confidential body worn camera had been altered to redact Plaintiff's naked body. The promotion has been posted, at a minimum, on Facebook, Twitter, and CBS 2's website.

11. This immediately caught the attention of counsel, because of the Court's Confidentiality Order.

12. Counsel also noticed that Plaintiff's Attorney, Mr. Keenan Saulter, had publicly posted information about the impending story. (See https://www.facebook.com/SaulterLawPC/).

13. Counsel immediately investigated the matter to determine whether the body worn camera had been obtained through another legal process.

14. On December 14, 2020, the Chicago Police Department, as well as City's FOIA litigation division confirmed that the footage was not released pursuant to FOIA or the Illinois Attorney General's Public Access Counselor. Counsel also checked the Cook County Chancery Division's docket, but saw no case filed by Ms. Young or CBS.

15.     On December 14, 2020, the undersigned counsel e-mailed Mr. Saulter and counsel for CBS to determine how this video was obtained given the Court's order. The undersigned counsel also left a message with Mr. Jay Brown, counsel for CBS.

16.     Mr. Saulter has not responded at the time this motion was filed.

17.     At around 3:15 p.m., the undersigned counsel discussed this motion with Jay Brown, counsel for CBS.

18.     At around 4:00 p.m., Mr. Brown sent some case law in support of their position.

19.     Mr. Brown also stated that he did not know how CBS 2 obtained this footage, but that in any event, that "leaks" are an everyday practice, and that CBS 2 would not be "censored."

21.     The undersigned counsel reviewed the briefs sent by Mr. Brown, but believes that this case is different in that CBS seems to know that they obtained the video footage in violation of a court order. The cases provided by Mr. Brown concerned substantially different scenarios.

22.     Indeed, CBS seemingly admits to obtaining this footage directly from Ms. Young, in violation of this Court's order. Its' website states the following:

> "[ Ms.] Young wanted the body camera video to show the public what happened to her that day. But CPD did not release it when she filed a Freedom of Information Act (FOIA) request. CBS 2 also filed a FOIA request for the video but the city denied that request, citing an ongoing investigation. Recently, however, CBS 2 finally obtained the footage after a court forced CPD to turn over the video as part of Young's lawsuit." *See* https://chicago.cbslocal.com/2020/12/14/watch-at-10-her-home-was-wrongly-raided-she-was-handcuffed-naked-body-camera-video-tells-the-story/.

23.     CBS does not state what lawsuit, but counsel believes CBS is referring to this one, as no other related lawsuit exists, and because the statement admits that the video was produced pursuant to this lawsuit. Counsel for CBS also never referenced any other lawsuit or legal process of how this video was obtained.

24. CBS is scheduled to air the confidential body worn camera tonight, at 10 p.m. Only this aspect of the motion presents a true emergency, and potential sanctions against Plaintiff can be deferred to a later time if the Court deems it appropriate.[2]

25. In fact, the promotional video, which contains a small portion of the confidential body worn camera, is already in the public arena in violation of this Court's order. See fn. 1. CBS should be ordered to remove any and all postings that contain this confidential video, because it violates the Court's order.

26. Local Rule 77.2 defines an emergency matter as "a matter of such a nature that the delay in hearing it that would result from its being treated as any other matter would cause serious and irreparable harm to one or more of the parties to the proceeding provided that requests for continuances or leave to file briefs or interrogatories in excess of the limits prescribed by these rules will normally be entertained as emergency matters only during the summer sessions[.]

27. Temporary restraining orders and preliminary injunctions are extraordinary and drastic remedies that "should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). The party seeking such relief must show: (1) it has some likelihood of success on the merits; (2) there is no adequate remedy at law; and (3) it will suffer irreparable harm if the relief is not granted. *Planned Parenthood of Ind. & Ky., Inc. v. Comm'r of Ind. State Dep't of Health*, 896 F.3d 809, 816 (7th Cir. 2018). If the moving

---

[2] In terms of sanctions for civil contempt, "[a] court has broad discretion to fashion a remedy based on the nature of the harm and the probable effect of alternative sanctions." *Connolly v. J.T. Ventures*, 851 F.2d 930, 933 (7th Cir.1988) (citing *United States v. United Mine Workers of America*, 330 U.S. 258, 303–04 (1947)); *see also Ferrell v. Pierce*, 785 F.2d 1372, 1378 (7th Cir.1986) ("A district court's decision on a contempt petition 'is discretionary in character and is not to be reversed except for abuse of such discretion or unless clearly erroneous.' " (citations omitted)).

party meets this threshold showing, the Court "must weigh the harm that the plaintiff will suffer absent an injunction against the harm to the defendant from an injunction." *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 364 (7th Cir. 2019) (quoting *Planned Parenthood*, 896 F.3d at 816). "Specifically, the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of the U.S.A., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008) (citing *Abbott Labs. v Mead Johnson & Co.*, 971 F.2d 6, 11–12 (7th Cir. 1992)).

27. Defendants have showed that this Court's order has been violated. There is no adequate remedy at law, because unless the Court enjoins CBS, even more confidential matter that what has already been disseminated will be in public arena forever, in violation of this Court's order. Plaintiff will not suffer any harm because her actions are in violation of a court order. CBS will not suffer any harm because they are free to report on this story (as they have done previously). They do not need the confidential body worn camera to publicly report on this story, and there is at a minimum, constructive knowledge on their part that this footage was obtained in violation of this Court's order. The balance of harms favors Defendants.

28. In open court, Defense Counsel specifically outlined concerns that this video would be shared with the media in a salacious and unfair manner designed to elicit a reactionary response, which carries the risk of poisoning the public's view of the case, and the Individual Defendants themselves. As this case will be refiled, this court "has the power to ensure a fair trial and to protect its 'processes from prejudicial outside interferences." See *Chi. Council of Lawyers v. Bauer*, 522 F.2d 242, 248 (7th Cir. 1975) ("That courts have the duty to ensure fair trials—'the most fundamental of all freedoms'—is beyond question.") *See also Mendez v. City of Chicago*, 18 CV

5560, ECF No. 157 (Barring Plaintiffs' from pretrial public release of Defendant Officers' video depositions after misleading snippets had been played on the news media.);*Grove Fresh Distributors, Inc. v. John Labatt Ltd.*, 134 F.3d 374 (7th Cir. 1998)(rejecting the argument that sanctions for violation of a protective order violated First Amendment rights).

29. Notice of this Emergency Motion was provided to Mr. Saulter and counsel for CBS at approximately 5:05 pm..

## **CONCLUSION**

For the reasons stated above, the Court should grant Defendants' Emergency Motion to Enjoin CBS from Violating the Court's Confidentiality Order, and enter Sanctions against Plaintiff for violating the Court's Confidentiality Order.

Dated: December 14, 2020　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　MARK A. FLESSNER
　　　　　　　　　　　　　　　　　Corporation Counsel of the City of Chicago

　　　　　　　　　　　　　　　　　By: /s/*Marques Berrington*
　　　　　　　　　　　　　　　　　Assistant Corporation Counsel
　　　　　　　　　　　　　　　　　2 North LaSalle Street, Suite 420
　　　　　　　　　　　　　　　　　Chicago, Illinois 60602
　　　　　　　　　　　　　　　　　Phone- 312-744-6995
　　　　　　　　　　　　　　　　　Atty. No. 632300
　　　　　　　　　　　　　　　　　*Counsel for Defendant City of Chicago*

　　　　　　　　　　　　　　　　　Respectfully submitted,
　　　　　　　　　　　　　　　　　By: /s/*Nathan Shine*
　　　　　　　　　　　　　　　　　Assistant Corporation Counsel
　　　　　　　　　　　　　　　　　2 North LaSalle Street, Suite 420
　　　　　　　　　　　　　　　　　Chicago, Illinois 60602
　　　　　　　　　　　　　　　　　Phone- 312-744-6995
　　　　　　　　　　　　　　　　　Atty. No. 6316753
　　　　　　　　　　　　　　　　　*Counsel for the Individual Defendants*