```
 1                     IN THE UNITED STATES DISTRICT COURT
                      FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                                EASTERN DIVISION

 3
     ANJANETTE YOUNG,                      )
 4                                         )
                     Plaintiff,            )
 5                                         )
                                           )
 6   -vs-                                  )   Case No. 19 C 5312
                                           )
 7                                         )   Chicago, Illinois
     CITY OF CHICAGO, et al.,              )   February 7, 2020
 8                                         )   9:15 a.m.
                     Defendants.           )
 9

10                          TRANSCRIPT OF PROCEEDINGS
                      BEFORE THE HONORABLE JOHN J. THARP, JR.
11
     APPEARANCES:
12
     For the Plaintiff:       SAULTER LAW P.C., by:
13                            MR. KEENAN J. SAULTER
                              900 Ridge Road, 3SE
14                            P.O. Box 1475
                              Homewood, IL 60430
15
     For the Defendants:      CITY OF CHICAGO, DEPARTMENT OF LAW, by:
16                            MR. MARQUES ALAN BERRINGTON
                              MS. ELIZABETH KATHRYN HANFORD
17                            MR. NATHAN A. SHINE
                              2 N. Lasalle Street
18                            Suite 420
                              Chicago, IL 60602
19

20

21

22   Court Reporter:          KELLY M. FITZGERALD, CSR, RMR, CRR
                              Official Court Reporter
23                            United States District Court
                              219 South Dearborn Street, Room 1420
24                            Chicago, Illinois  60604
                              Telephone:  (312) 818-6626
25                            kmftranscripts@gmail.com
```

1     (Proceedings heard in open court:)
2         THE CLERK:  Young v. The City of Chicago, 19 CV 5312.
3         MS. HANFORD:  Good morning, Your Honor.  Elizabeth
4  Hanford on behalf of defendant officers.
5         MR. SHINE:  Good morning, Your Honor.  Nathan Shine
6  on behalf of the defendant officers.
7         MR. BERRINGTON:  Good morning, Judge.  Marques
8  Berrington on behalf of defendant City.
9         MR. SAULTER:  Good morning, Your Honor.  Keenan
10  Saulter on behalf of plaintiff.
11         THE COURT:  All right.  Good morning.
12         All right.  We have a motion to dismiss.
13         I assume you want to respond, or are you anticipating
14  amending as part of a response?
15         MR. SAULTER:  I think the issue that is the basis of
16  their motion I think will ultimately require a response.
17  They're alleging that the warrant was valid so thereby the
18  search was valid.  So I prefer to respond as opposed to amend.
19  My only concern is that I would also like to start discovery
20  during the process of us responding, then applying the Court's
21  ruling.  A particular concern for me is getting access to the
22  body cam footage of the officers who entered my client's home.
23  So we've made FOIA requests.  We have not gotten that.  That's
24  why I want to get discovery started.  But I would ask for 28
25  days to respond to the motion to dismiss.

1         THE COURT: All right. Well, I'll certainly give you
2  28 days to respond to the motion to dismiss.
3         What's the defense perspective on discovery?
4         MS. HANFORD: I think at this point, Your Honor, we
5  would object. There's only limited circumstances where
6  discovery can issue before the pleadings have finished. And
7  so in this case, I don't see that --
8         THE COURT: Where is that rule?
9         MS. HANFORD: That is my understanding of the case
10 law, Your Honor.
11        MR. SAULTER: I'm not aware of any Federal Rule of
12 Civil Procedure that would suggest that.
13        THE COURT: Because there is no federal rule that
14 says there can't be discovery. In fact, I think it's the
15 norm, though there are certainly -- there are certainly many,
16 many cases where it doesn't make sense to have discovery going
17 forward during the pendency of a motion to dismiss, but not
18 even *Iqbal* and *Twombly* which were concerned about those kinds
19 of issues established any blanket rule that says there's no
20 discovery to go forward during the pendency of a motion to
21 dismiss.
22        Here's what I will do. It's a pretty, at least on
23 its face, strong argument here with respect to, you know,
24 these officers, if these officers were acting pursuant to a
25 valid warrant, you know, that's something you're going to have

1  to contend with.  I'm not making any judgments about anything.
2  I'm just pointing out that one of the factors that I think
3  influences the decision do we have discovery now or defer it
4  is, you know, some assessment of the strength of the potential
5  claim here or the potential defense.  I think the argument on
6  its face is one that certainly calls for a response and an
7  explanation for how this could be an unlawful search.  You
8  know, there's a lot of different legal theories advanced so
9  maybe some of them aren't wiped out by a lawfully-issued
10 warrant.  Maybe some of them are.
11        Here's what I think makes sense to do.  We're going
12 to brief the motion to dismiss.  In the meantime, I do think
13 it makes sense and, you know, counsel could potentially be
14 entitled to it through FOIA means anyway, but getting the body
15 cam footage, I want to make sure that is fully preserved, and
16 to the extent there's any issues about locating it or that
17 kind of stuff that those are surfaced sooner rather than
18 later.
19        MR. SAULTER:  Based on my discussions with counsel
20 after court last time, they have it.  They have seen it.  So
21 me and my client are the only ones who haven't seen it.
22        THE COURT:  Okay.
23        I'm also influenced to grant discovery to that degree
24 with the assumption that this is not terribly burdensome.  It
25 shouldn't be burdensome as far as I can see.

1    MR. BERRINGTON: Judge, if I may, it is true that we
2 are in possession of the body-worn camera, but I haven't
3 really heard from counsel of any articulation under the rules
4 why we're required to disclose it now. And our understanding
5 of why counsel wants this video now as opposed to down the
6 road is because there's already been a lot of plays in the
7 media and, you know, things of that nature. It's gotten a lot
8 of media attention. And we would think it would be unfair at
9 this point to present snippets of videos that present things
10 in an unfavorable fashion when, you know, edited in a certain
11 way just so, you know, the case would then be presented in a
12 mischaracterized light.
13    MS. HANFORD: And, Your Honor, if I may, I think --
14    MR. BERRINGTON: So --
15    THE COURT: Hold on. Hold on. One at a time.
16    Go ahead, Counsel.
17    MS. HANFORD: I think what might assist the parties,
18 No. 1, we would request that a confidentiality order be in
19 place because of the sensitive nature of the videos. So I
20 think that that could alleviate all parties' concerns here.
21    THE COURT: Well --
22    MR. SAULTER: I'm kind of being double-teamed here,
23 Judge. If I -- well, when the Court is done, if I could just
24 have a response of what Mr. Britain [*sic*] said initially.
25    THE COURT: Everybody will get their time.

1        All right. Go ahead.

2        MR. SAULTER: So there are a few concerns.

3        My client's naked body was depicted on these
4 body-worn cameras. Their office, police officers have seen
5 this. My client has been denied access to it. She's filed
6 several FOIA requests and appealed those. That's one.

7        Two, there is no circumstance that I can imagine that
8 the plaintiff in a case of this nature would not be entitled
9 to body-worn camera footage of her own home and her own body
10 that was filmed by these officers. I can't fathom a valid
11 argument as to why she shouldn't be entitled to her own
12 images. It seems as if they're trying to hide something. And
13 obviously they say, well, we're concerned about snippets being
14 played in the media. We're concerned about what's on the
15 camera and who's seen it, inside their own department, the
16 police department, civilians. We don't know.

17        THE COURT: All right. Another federal judge told me
18 a long time ago, and it was a lesson I never forgot, if you're
19 winning, stop talking.

20        You're winning. You're going to get this footage.
21 It will be subject to a confidentiality provision that
22 among -- and you should work off of the default version that's
23 available on the Court's website. But I think it's
24 appropriate, particularly at this stage of the litigation,
25 that these body cam footage be designated as confidential,

1  meaning they can't be shared generally with people who are not
2  involved in litigating this matter.  That I think should
3  address the concern about, you know, releasing -- these tapes
4  are for the benefit and use through the discovery process of
5  you and your client in pressing forward with this claim, not
6  in creating publicity for the case or arguing the case in the
7  media.  So it's appropriate to restrict their use as
8  confidential information in that manner, and that should
9  resolve the defendants' concerns and should resolve the
10 plaintiff's concerns who understandably ought to be able to
11 see what's on these tapes.
12         So get that confidentiality agreement done.  I need a
13 clean version and a redlined version submitted to my proposed
14 order inbox.  Let's get that done within seven days.  It
15 shouldn't be terribly controversial.  Then you can produce the
16 videotapes.
17         On the subject of the production of -- or conduct of
18 discovery as well, I'll note this is a case subject to the
19 MIDP protocol that the Court has entered.  That is yet another
20 justification for requiring this production of material.
21         I am not going to authorize broader discovery at this
22 point in time given I think there's some, you know, strong
23 arguments that have been made.  We'll see what your responses
24 are to those arguments with respect to dismissing some or all
25 of the claims that are set forth in the motion to dismiss and

1  whether -- you know, if things are dismissed whether the
2  deficiencies might or might not be curable with amendment.  So
3  we will see how all that shakes out, but I think it's fair to
4  allow the plaintiff access to that footage sooner rather than
5  later.
6           All right.  So you're going to take 28 days to file
7  your response.
8           14 to reply?
9           MS. HANFORD:  Yes.  Thank you.
10          THE COURT:  All right.
11          So what are those dates, Alberta?
12          THE CLERK:  March 6th; March 20th.
13          THE COURT:  All right.  And I'll take it up as
14 quickly as I can thereafter.
15          Just so we don't lose track of things here, I'm going
16 to set a status for April 16th at 9:00.  If I haven't
17 addressed or am not ready to address the motion to dismiss, I
18 might kick that back; but to keep that on my radar screen,
19 we'll set that date.
20          Does that work for everybody?
21          MS. HANFORD:  Yes.  Thank you.
22          MR. BERRINGTON:  Yes, Judge.
23          MR. SHINE:  Yes, Your Honor.
24          MR. SAULTER:  It does, Your Honor.  Thank you.
25          THE COURT:  All right.

1       Anything else we need to address this morning?
2       MR. SAULTER:  Not from our perspective.
3       MS. HANFORD:  Nothing from defendants.
4       MR. SHINE:  No, Your Honor.
5       THE COURT:  All right.  We'll see you in April.
6       MS. HANFORD:  Thank you.
7       MR. BERRINGTON:  Thank you, Judge.
8    (Which were all the proceedings heard.)
9
10                      CERTIFICATE
11    I certify that the foregoing is a correct transcript from
12   the record of proceedings in the above-entitled matter.
13   */s/Kelly M. Fitzgerald*                    *December 15, 2020*
14   _____           _____
     Kelly M. Fitzgerald                    Date
15   Official Court Reporter
16
17
18
19
20
21
22
23
24
25