# EXHIBIT A



OFFICE OF THE ATTORNEY GENERAL
STATE OF ILLINOIS

Lisa Madigan
ATTORNEY GENERAL

January 9, 2019

**PUBLIC ACCESS OPINION 19-001**
**(Request for Review 2018 PAC 55193)**

FREEDOM OF INFORMATION ACT:
Disclosure of Officer-Worn Body Camera
Footage under the Law Enforcement
Officer-Worn Body Camera Act

Ms. Katie Manifold Baird
Abels & Annes, P.C.
100 North LaSalle Street, Suite 2207
Chicago, Illinois 60602

Ms. Charise Valente
General Counsel
Chicago Police Department
3510 South Michigan Avenue
Chicago, Illinois 60653-1020

Dear Ms. Baird and Ms. Valente:

      This is a binding opinion issued by the Attorney General pursuant to section 9.5(f) of the Freedom of Information Act (FOIA) (5 ILCS 140/9.5(f) (West 2016)). For the reasons discussed below, this office concludes that the Chicago Police Department (CPD) violated the requirements of FOIA by improperly denying the September 18, 2018, FOIA request submitted by the Abels & Annes law firm for copies of officer-worn body camera video recordings and video footage related to a motor vehicle accident.

## BACKGROUND

      On September 18, 2018, Mr. David Abels, on behalf of Abels & Annes, P.C., submitted a FOIA request to CPD seeking, among other things, copies of "any and all * * * body camera video, * * * video recordings and/or video footage from Officer Betty Mitchell * * *

500 South Second Street, Springfield, Illinois 62706 • (217) 782-1090 • TTY: (877) 844-5461 • Fax: (217) 782-7046
100 West Randolph Street, Chicago, Illinois 60601 • (312) 814-3000 • TTY: (800) 964-3013 • Fax: (312) 814-3806
601 South University Avenue, Suite 102, Carbondale, Illinois 62901 • (618) 529-6400 • TTY: (877) 675-9339 • Fax: (618) 529-6416

Ms. Katie Manifold Baird
Ms. Charise Valente
January 9, 2019
Page 2

related to the incident in traffic report R.D. 2018 JB432652[.]"[1] "Further," he stated, "if any other officers were present in in relation to the aforementioned incident, I request the same video and footage from those officers."[2] The caption of Mr. Abels' FOIA request referenced potential litigation and identified September 12, 2018, as the "Date of Loss."[3]

On September 25, 2018, CPD denied this portion of the request pursuant to section 7(1)(a) of FOIA (5 ILCS 140/7(1)(a) (West 2017 Supp.), as amended by Public Act 100-732, effective August 3, 2018),[4] which exempts from disclosure "[i]nformation specifically prohibited from disclosure by federal or State law or rules and regulations implementing federal or State law." In support of its denial of the disclosure of the requested records under section 7(1)(a), CPD cited section 10-20(b) of the Law Enforcement Officer-Worn Body Camera Act (Body Camera Act) (50 ILCS 706/10-20(b) (West 2016)).[5] On October 4, 2018, Ms. Katie Manifold Baird, on behalf of Abels & Annes, P.C., and its client, Mr. Demarcus Peoples, submitted a Request for Review to the Public Access Counselor contesting CPD's denial of the responsive body camera video footage.[6] Specifically, Ms. Baird's Request for Review states:

> The recording at issue was made pursuant to a motor vehicle collision[.] * * * As a result of the motor vehicle collision, Mr. Peoples was injured and suffered bodily harm[.]
>
> Mr. Peoples is the subject of the encounter at issue. He is a victim in this matter as he sustained bodily harm due to the actions of

---

[1] FOIA request from David Abels, Abels & Annes, P.C., to Chicago Police Department, Freedom of Information Officer, Office of Legal Affairs, Unit 114 (September 18, 2017). Mr. Abels' FOIA request attached a copy of traffic report R.D. 2018 JB432652. The traffic report indicates that the traffic crash in question occurred on September 12, 2018. We have assumed that Mr. Abels' letter dated September 18, 2017, contained a scrivener's error and that the correct date on the letter should have been September 18, 2018.

[2] FOIA request from David Abels, Abels & Annes, P.C., to Chicago Police Department, Freedom of Information Officer, Office of Legal Affairs, Unit 114 (September 18, 201[8]).

[3] FOIA request from David Abels, Abels & Annes, P.C., to Chicago Police Department, Freedom of Information Officer, Office of Legal Affairs, Unit 114 (September 18, 201[8]).

[4] Letter from A. Marlan, Freedom of Information Act Officer, Chicago Police Department, Office of Legal Affairs, Unit 114, to David Abels (September 25, 2018), at 1.

[5] Letter from A. Marlan, Freedom of Information Act Officer, Chicago Police Department, Office of Legal Affairs, Unit 114, to David Abels (September 25, 2018), at 1.

[6] Letter from Katie Manifold Baird, Abels & Annes, P.C., to Public Access Counselor, Office of the Attorney General (October 4, 2018).

Ms. Katie Manifold Baird
Ms. Charise Valente
January 9, 2019
Page 3

> another motorist. Mr. Peoples retained my office as his attorneys and has imbued us with the authority to act on his behalf.[7]

On October 12, 2018, the Public Access Bureau sent a copy of the Request for Review to CPD. The Public Access Bureau also sent CPD a letter requesting unredacted copies of the responsive body camera recordings for its confidential review, together with a detailed explanation of the legal and factual bases for the assertion that the Body Camera Act specifically prohibits disclosure of the requested recordings.[8] The Public Access Bureau further asked CPD to "please address the applicability of section 10-20(b)(3) [of the Body Camera Act] (50 ILCS 706/10-20(b)(3) (West 2016))."[9]

On October 19, 2018, the Public Access Bureau received the responsive body camera footage and a written answer from CPD; the answer did not address the applicability of section 10-20(b)(3).[10] Instead, CPD argued that a body camera recording is not subject to disclosure pursuant to FOIA unless it is flagged in accordance with section 10-20(b) of the Body Camera Act.[11] On that same date, after reviewing CPD's answer, an Assistant Attorney General (AAG) in the Public Access Bureau contacted CPD by e-mail and provided CPD with copies of two non-binding determination letters, wherein this office previously rejected the assertion that body camera footage must first be flagged in order to be subject to disclosure to the subject or the subject's attorney (Ill. Att'y Gen. PAC Req. Rev. Ltr. 41069 41070, issued July 20, 2016; Ill. Att'y Gen. PAC Req. Rev. Ltr. 46719, issued August 16, 2017). The AAG also asked CPD if the two determination letters would change its position on the disclosure of the requested records.[12]

---

[7]Letter from Katie Manifold Baird, Abels & Annes, P.C., to Public Access Counselor, Office of the Attorney General (October 4, 2018), at 2.

[8]Letter from Joshua M. Jones, Deputy Bureau Chief, Public Access Bureau, Office of the Attorney General, to Charise Valente, General Counsel, Chicago Police Department (October 12, 2018).

[9]Letter from Joshua M. Jones, Deputy Bureau Chief, Public Access Bureau, Office of the Attorney General, to Charise Valente, General Counsel, Chicago Police Department (October 12, 2018), at 2.

[10]Letter from Sarah Bown, Freedom of Information Act Officer, Chicago Police Department, Office of Legal Affairs, Unit 114, to Joshua Jones, Deputy Bureau Chief, Public Access Bureau, Office of the Attorney General (October 19, 2018).

[11]Letter from Sarah Bown, Freedom of Information Act Officer, Chicago Police Department, Office of Legal Affairs, Unit 114, to Joshua Jones, Deputy Bureau Chief, Public Access Bureau, Office of the Attorney General (October 19, 2018).

[12]E-mail from Joshua Jones, Deputy Bureau Chief, Public Access Bureau, Office of the Attorney General, to [Sarah] Bown, [Peter] Edwards, [Kimberly] Woods, and [Dana] O'Malley (October 19, 2018).

Ms. Katie Manifold Baird
Ms. Charise Valente
January 9, 2019
Page 4

On October 22, 2018, the Public Access Bureau forwarded to Ms. Baird a copy of CPD's written answer and notified her of her opportunity to reply.[13] On October 29, 2018, Ms. Baird submitted a reply.[14] Ms. Baird's reply sought to distinguish the provisions in the Body Camera Act that relate to the destruction of a body camera record from those related to the disclosure of a body camera record under FOIA. In addition, her reply asserted that by submitting a FOIA request, her law firm has requested that the records in question be flagged as involving a complaint or great bodily harm to a person in the recording.

On November 14, 2018, CPD informed this office that in consultation with the City of Chicago's Department of Law, it had "decided to stand on [its] initial response."[15] Pursuant to section 9.5(f) of FOIA, on November 28, 2018, this office extended the time in which to issue a binding opinion by 30 business days, to January 16, 2019.[16]

## ANALYSIS

"All records in the custody or possession of a public body are presumed to be open to inspection or copying. Any public body that asserts that a record is exempt from disclosure has the burden of proving by clear and convincing evidence that it is exempt." 5 ILCS 140/1.2 (West 2016).

### Section 7.5(cc) of FOIA and Section 10-20(b) of the Body Camera Act

In its response to the FOIA request, CPD cited section 7(1)(a), the provision of FOIA that generally applies to records that are specifically prohibited from disclosure by State law. However, section 7.5(cc) of FOIA (5 ILCS 140/7.5(cc) (West 2017 Supp.), as amended by Public Acts 100-646, effective July 27, 2018; 100-863, effective August 14, 2018; 100-887, effective August 14, 2018) expressly exempts from inspection and copying "[r]ecordings made

---

[13] Letter from Joshua M. Jones, Deputy Bureau Chief, Public Access Bureau, Office of the Attorney General, to Katie Manifold Baird, Abels & Annes, P.C. (October 22, 2018).

[14] Letter from Katie Manifold Baird, Abels & Annes, P.C., to Josh Jones, Public Access Counselor, Office of the Attorney General (October 29, 2018).

[15] E-mail from Dana O'Malley, Assistant General Counsel, Chicago Police Department, Office of the General Counsel, to Joshua Jones and Sarah H. Bown (November 14, 2018).

[16] Letter from Joshua M. Jones, Deputy Bureau Chief, Public Access Bureau, Office of the Attorney General, to Katie Manifold Baird, Abels & Annes, P.C., and Charise Valente, General Counsel, Chicago Police Department (November 28, 2018).

Ms. Katie Manifold Baird
Ms. Charise Valente
January 9, 2019
Page 5

under the Law Enforcement Officer-Worn Body Camera Act, *except to the extent authorized under that Act*." (Emphasis added.) Thus, the initial inquiry as to whether the recordings in question are exempt from disclosure necessarily focuses on the provisions of the Body Camera Act.

The General Assembly summarized the purpose of the Body Camera Act as follows:

> Officer-worn body cameras will provide state-of-the-art evidence collection and additional opportunities for training and instruction. Further, officer-worn body cameras may provide impartial evidence and documentation to settle disputes and allegations of officer misconduct. Ultimately, the uses of officer-worn body cameras will help collect evidence while improving transparency and accountability, and strengthening public trust. 50 ILCS 706/10-5 (West 2016).

With respect to disclosure of body camera recordings pursuant to FOIA, section 10-20(b) of the Body Camera Act provides:

> (b) Recordings made with the use of an officer-worn body camera are not subject to disclosure under the Freedom of Information Act, except that:
>
>> (1) if the subject of the encounter has a reasonable expectation of privacy, at the time of the recording, any recording which is flagged, due to the filing of a complaint, discharge of a firearm, use of force, arrest or detention, or resulting death or body harm, shall be disclosed in accordance with the Freedom of Information Act if:
>>
>>> (A) the subject of the encounter captured on the recording is a victim or witness; and
>>>
>>> (B) the law enforcement agency obtains written permission of the subject or the subject's legal representative;
>>
>> (2) except as provided in paragraph (1) of this subsection (b), any recording which is flagged due to the

Ms. Katie Manifold Baird
Ms. Charise Valente
January 9, 2019
Page 6

>filing of a complaint, discharge of a firearm, use of force, arrest or detention, or resulting death or bodily harm shall be disclosed in accordance with the Freedom of Information Act; and
>
>(3) upon request, the law enforcement agency *shall disclose, in accordance with the Freedom of Information Act*, the recording to the subject of the encounter captured on the recording or *to the subject's attorney,* or the officer or his or her legal representative. (Emphasis added.)

Section 10-20(a)(7) of the Body Camera Act (50 ILCS 706/10-20(a)(7) (West 2016)) additionally enumerates the grounds for the retention of body camera recordings beyond 90 days:

>(7) Recordings made on officer-worn cameras must be retained by the law enforcement agency or by the camera vendor used by the agency, on a recording medium for a period of 90 days.

\* \* \*

>(B) Following the 90-day storage period, any and all recordings made with an officer-worn body camera must be destroyed, unless any encounter captured on the recording has been flagged. An encounter is deemed to be flagged when:
>
>(i) a formal or informal complaint has been filed;
>
>(ii) the officer discharged his or her firearm or used force during the encounter;
>
>(iii) death or great bodily harm occurred to any person in the recording;
>
>(iv) the encounter resulted in a detention or an arrest, excluding traffic stops which resulted in only a minor traffic offense or business offense;

Ms. Katie Manifold Baird
Ms. Charise Valente
January 9, 2019
Page 7

      (v) the officer is the subject of an internal
investigation or otherwise being investigated for
possible misconduct;

      (vi) the supervisor of the officer, prosecutor,
defendant, or court determines that the encounter
has evidentiary value in a criminal prosecution; or

      (vii) the recording officer requests that the
video be flagged for official purposes related to his
or her official duties.

Section 10-30 of the Body Camera Act (50 ILCS 706/10-30 (West 2016)) further provides that body camera recordings "may be used as evidence in any administrative, judicial, legislative, or disciplinary proceeding."

    In its response to this office, CPD asserted:

> Section 10-20(b) [of the Body Camera Act] clearly highlights that
> recordings made with officer-worn body cameras are not subject to
> disclosure under FOIA unless the recording was "flagged." Under
> [Body Camera Act] Section 10-20(b), footage is "flagged" due to:
> (1) a formal or informal complaint; (2) an officer discharging their
> weapon or using force during the encounter; (3) an arrest or
> detention; or (4) the encounter resulted in death or great bodily
> harm. Presently, the traffic accident in question, which was
> captured by the body camera, was not "flagged." CPD has
> confirmed with the Bureau of Internal Affairs that no complaints
> were filed regarding this incident.
>
>   Thus, CPD correctly responded and is not obliged to
> disclose the footage.[17]

    In reply, Ms. Baird argued that section 10-20(a)(7) of the Body Camera Act "deals with what footage can and cannot be destroyed following a 90 day retention period. It does not

---

[17] Letter from Sarah Bown, Freedom of Information Act Officer, Chicago Police Department, Office of Legal Affairs, Unit 114, to Joshua Jones, Deputy Bureau Chief, Public Access Bureau, Office of the Attorney General (October 19, 2018).

deal with what footage can and cannot be disclosed pursuant to FOIA."[18] The controlling provision, she argued, is section 10-20(b)(3) of the Body Camera Act (50 ILCS 706/10-20(b)(3) (West 2016)), because her firm requested the recordings as counsel for the subject of the recording. In the alternative, she argued that the recordings should be deemed "flagged" because her client filed a complaint against a motorist and suffered great bodily harm:

> Mr. Peoples has made a complaint against the at-fault driver for personal injuries stemming from a motor vehicle collision. The CPD is on notice of said complaint through the FOIA request and all subsequent correspondence. Nothing in the statute states who must make the complaint, who the complaint may be made against, or what the complaint must entail to qualify as a "flagged" event. Additionally, Mr. Peoples is a person in the recording and suffered great bodily harm due to the collision at issue.[19]

This office agrees that this matter turns on the interpretation of section 10-20(b) of the Body Camera Act. 50 ILCS 706/10-20(b) (West 2016). "The primary goal of construing the meaning of a statute is to ascertain and give effect to the intent of the legislature." *Hubble v. Bi-State Development Agency of Illinois-Missouri Metropolitan District*, 238 Ill. 2d 262, 268 (2010). The language of a statute "is the most reliable indicator of the legislature's objectives in enacting a particular law." *Alvarez v. Pappas*, 229 Ill. 2d 217, 228 (2008). A statute must be read as a whole. *First American Bank Corp. v. Henry*, 239 Ill. 2d 511, 516 (2011). There is an "obligation to avoid a construction which renders a part of the statute superfluous or redundant, and instead presume that each part of the statute has meaning." *People v. Baskerville*, 2012 IL 111056, ¶25, 963 N.E.2d 898, 905 (2012). Further, the presumption is that "the legislature did not intend to create absurd, inconvenient, or unjust results." *People v. Hunter*, 2013 IL 114100, ¶13, 986 N.E.2d 1185, 1189 (2013).

The language of the Body Camera Act does not flatly prohibit the disclosure of all body camera recordings that have not been flagged. As referenced above, section 10-20(b)(3) expressly states that "upon request, the law enforcement agency shall disclose, in accordance with the Freedom of Information Act, the recording to the subject of the encounter captured on the recording or to the subject's attorney, or the officer or his or her legal representative." If the General Assembly had intended to limit the disclosure requirements of the Body Camera Act to flagged footage, it could have said so expressly. It did not. CPD's interpretation of section 10-

---

[18]Letter from Katie Manifold Baird, Abels & Annes, P.C., to Josh Jones, Public Access Counselor, Office of the Attorney General (October 29, 2018), at 2.

[19]Letter from Katie Manifold Baird, Abels & Annes, P.C., to Josh Jones, Public Access Counselor, Office of the Attorney General (October 29, 2018), at 3-4.

20(b) of the Body Camera Act improperly reads into the statute a limitation not expressed by the General Assembly.

The term "and" at the end of section 10-20(b)(2) of the Body Camera comes after the first two sections, both of which expressly limit the disclosure of body camera recordings to those that have been flagged for certain purposes. Although principles of statutory construction generally interpret the term "and" as conjunctive, rather than disjunctive (*see City of Carbondale v. Bower*, 332 Ill. App. 3d 928, 933 (5th Dist. 2002)), its meaning is dependent upon its context. In this context, the absence of any reference to flagging in the third section is significant. Reading section 10-20 of the Body Camera Act as a whole, the language of sections 10-20(b)(1), 10-20(b)(2), and 10-20(b)(3) clearly may be interpreted as providing three alternative exceptions to the Body Camera Act's general prohibition against the disclosure of body camera footage under FOIA, any one of which may be satisfied in order for a body camera recording to be disclosed. So interpreted, section 10-20(b)(3) refers to all body camera recordings regardless of whether they have been flagged or not.

The Illinois Supreme Court has advised that "if reading 'and' in its literal sense would create an inconsistency in the statute or 'render[ ] the sense of a statutory enactment dubious,' we will read 'and' as 'or.'" *County of Du Page v. Illinois Labor Relations Board*, 231 Ill. 2d 593, 606 (2008) (quoting *John P. Moriarty, Inc. v. Murphy*, 387 Ill. 119, 129-30 (1944)). Reading the term "and" in section 10-20(b)(2) of the Body Camera Act in the conjunctive so as to limit section 10-20(b)(3) to recordings flagged under the previous two subsections would render a portion of section 10-20(b)(3) of the Body Camera Act superfluous. If only recordings that have been "flagged" under the parameters of sections 10-20(b)(1) and 10-20(b)(2) of the Body Camera Act were subject to disclosure pursuant to FOIA, then the language in section 10-20(b)(3) stating that footage shall be disclosed "to the subject of the encounter captured on the recording or to the subject's attorney" would be superfluous with respect to a subject who is a victim or witness or such a person's attorney, because those parties would already be permitted access to the recordings under section 10-20(b)(1) or section 10-20(b)(2) of the Body Camera Act. Specifically, if a recording is flagged because of a complaint, discharge of a firearm, use of force, arrest or detention, or resulting death or bodily harm, then a subject who is a victim or witness, or the attorney for such a person, has the right to access the footage under section 10-20(b)(1) or section 10-20(b)(2) of the Body Camera Act even if the subject of the encounter had a reasonable expectation of privacy at the time of the incident.

In contrast, the language "to the subject of the encounter captured on the recording or to the subject's attorney" in section 10-20(b)(3) of the Body Camera Act is not rendered superfluous when the statute is construed to mean that the recording shall be disclosed to the subject or the subject's attorney in accordance with FOIA regardless of whether it has been flagged. Additionally, this interpretation gives effect to the language in section 10-20(b)(3) that

Ms. Katie Manifold Baird
Ms. Charise Valente
January 9, 2019
Page 10

permits "the officer or his or her legal representative[ ]" to obtain body camera recordings of incidents that were not flagged for the reasons listed in sections 10-20(b)(1) and 10-20(b)(2)—"the filing of a complaint, discharge of a firearm, use of force, arrest or detention, or *resulting* death or bodily harm." (Emphasis added.) Notably, section 10-20(a)(7)(B) of the Body Camera Act (50 ILCS 706/10-20(a)(7)(B) (West 2016)) provides other reasons for a recording to be flagged, including when "death or great bodily harm occurred to any person in the recording[.]" 50 ILCS 706/10-20(a)(7)(B)(iii) (West 2016). Although the full list of circumstances in which body camera footage is deemed flagged governs with respect to the long-term retention of body camera footage rather than the circumstances in which body camera footage must be disclosed, CPD's interpretation would illogically prohibit a police officer from obtaining via FOIA a copy of a body camera recording in which the officer suffered great bodily harm unless the serious injury resulted from the "discharge of a firearm, use of force, [or] arrest or detention." The same would be true for a subject of a body camera recording. The more reasonable, harmonious construction of section 10-20(b)(3) of the Body Camera Act is that both a subject of the recording and the officer, and their legal representatives, may obtain the recording in accordance with FOIA, regardless of whether or why it has been flagged. This reading is also consistent with the purpose of the Body Camera Act of "improving transparency and accountability, and strengthening public trust." 50 ILCS 706/10-5 (West 2016). Therefore, it has been adopted by this office.

In this instance, this office's review confirmed that Mr. Peoples is a subject of the responsive body camera recordings. He is represented by Abels & Annes, P.C., and the firm requested the recordings for use on his behalf. Section 10-20(b)(3) of the Body Camera Act requires the disclosure of body camera footage to a subject's attorney pursuant to FOIA.[20] Accordingly, this office concludes that CPD has not sustained its burden of demonstrating by clear and convincing evidence that the body camera recordings requested by the Abels & Annes law firm are exempt from disclosure pursuant to sections 7(1)(a) or 7.5(cc) of FOIA.

## FINDINGS AND CONCLUSIONS

After full examination and giving due consideration to the available information, the Public Access Counselor's review, and the applicable law, the Attorney General finds that:

1) On September 18, 2018, Mr. David Abels, on behalf of Abels & Annes, P.C., submitted a FOIA request to CPD seeking, among other things, copies of body camera recordings related to a September 12, 2018, motor vehicle collision.

---

[20]Because this conclusion is dispositive, this office will not analyze Ms. Baird's argument that Mr. Peoples' complaint requires the recordings to be deemed flagged under sections 10-20(b)(1) and 10-20(b)(2) of the Body Camera Act.

Ms. Katie Manifold Baird
Ms. Charise Valente
January 9, 2019
Page 11

      2) On September 25, 2018, CPD denied the portion of Mr. Abels' request seeking body camera recordings, citing section 7(1)(a) of FOIA in connection with section 10-20(b) of the Law Enforcement Officer-Worn Body Camera Act.

      3) On October 4, 2018, the Public Access Bureau received a Request for Review from Ms. Katie Manifold Baird, on behalf of Abels & Annes, P.C., and its client, Mr. Demarcus Peoples, contesting CPD's denial of the responsive body camera recordings. The Request for Review was timely filed and otherwise complies with the requirements of section 9.5(a) of FOIA (5 ILCS 140/9.5(a) (West 2016)).

      4) On October 12, 2018, the Public Access Bureau sent a copy of the Request for Review to CPD and asked it to provide copies of the withheld body camera recordings for this office's confidential review. This office also asked CPD to provide a detailed explanation of the factual and legal bases for the assertion that the Body Camera Act specifically prohibits disclosure of the recordings.

      5) On October 19, 2018, this office received copies of the body camera recordings together with CPD's written answer, in which CPD argued that body camera footage is not subject to disclosure pursuant to FOIA unless it is flagged for one of the reasons listed in sections 10-20(b)(1) and 10-20(b)(2) of the Body Camera Act.

      6) On October 22, 2018, the Public Access Bureau forwarded a copy of CPD's written answer to Ms. Baird and notified her of her opportunity to reply.

      7) On October 29, 2018, Ms. Baird submitted a reply to CPD's answer.

      8) On November 28, 2018, this office extended the time within which to issue a binding opinion by 30 business days, to January 16, 2019, pursuant to section 9.5(f) of FOIA. Therefore, the Attorney General may properly issue a binding opinion with respect to this matter.

      9) Although CPD cited the more general section 7(1)(a) of FOIA, section 7.5(cc) of FOIA expressly exempts from disclosure "[r]ecordings made under the Law Enforcement Officer-Worn Body Camera Act, except to the extent authorized under that Act."

      10) Section 10-20(b) of the Body Camera Act provides a series of exceptions to the Body Camera Act's general prohibition against the disclosure of body camera recordings under FOIA, any one of which may be satisfied in order for a body camera recording to be disclosed.

11) Section 10-20(b)(3) of the Body Camera Act provides that a law enforcement agency such as CPD "shall disclose, in accordance with the Freedom of Information Act, the recording to the subject of the encounter captured on the recording or to the subject's attorney, or the officer or his or her legal representative."

12) Section 10-20(b) does not specify that only "flagged" recordings are subject to disclosure to the subject of the encounter captured on the recordings or to the subject's attorney, or the officer or his or her legal representative. Construing section 10-20(b)(3) of the Body Camera Act as being limited to certain flagged recordings based on the preceding sections of the statute would improperly read into the statute a limitation not expressed by the General Assembly and render a portion of section 10-20(b)(3) superfluous. Construing section 10-20(b)(3) of the Body Camera Act as permitting both the subject of the recording and the officer, and their legal representatives, to obtain the footage in accordance with FOIA, regardless of whether it has been flagged, would render no part of the statute superfluous and would be harmonious with the remainder of the statute. Accordingly, the latter construction must be adopted.

13) It is undisputed that Mr. Peoples is a subject of the body camera recordings at issue and that he is represented by Abels & Annes, P.C. The firm requested the recordings on his behalf. Under section 10-20(b)(3) of the Body Camera Act, the recordings are subject to disclosure to Abels & Annes, P.C.

Therefore, it is the opinion of the Attorney General that CPD's denial of the body camera recordings responsive to the Abels & Annes law firm's Freedom of Information Act request violated the requirements of FOIA. Accordingly, CPD is directed to take immediate and appropriate action to comply with this opinion by disclosing to Mr. Abels and Ms. Baird copies of the responsive body camera recordings, after "remov[ing] identification of any person that appears on the recording[s] and is not the officer, a subject of the encounter, or directly involved in the encounter." 50 ILCS 706/10-20(b) (West 2016).

This opinion shall be considered a final decision of an administrative agency for the purposes of administrative review under the Administrative Review Law. 735 ILCS 5/3-101 et seq. (West 2016). An aggrieved party may obtain judicial review of the decision by filing a

Ms. Katie Manifold Baird
Ms. Charise Valente
January 9, 2019
Page 13

complaint for administrative review in the Circuit Court of Cook or Sangamon County within 35 days of the date of this decision naming the Attorney General of Illinois, Abels & Annes, P.C., Mr. David Abels, and Ms. Katie Manifold Baird as defendants. *See* 5 ILCS 140/11.5 (West 2016).

Very truly yours,

LISA MADIGAN
ATTORNEY GENERAL

By: [signature]

Michael J. Luke
Counsel to the Attorney General

cc: Ms. Sarah Bown
Freedom of Information Act Officer
Chicago Police Department
Office of Legal Affairs, Unit 114
3510 South Michigan Avenue
Chicago, Illinois 60653

## CERTIFICATE OF SERVICE

Sarah L. Pratt, Public Access Counselor, hereby certifies that she has served a copy of the foregoing Binding Opinion (Public Access Opinion 19-001) upon:

> Ms. Katie Manifold Baird
> Abels & Annes, P.C.
> 100 North LaSalle Street, Suite 2207
> Chicago, Illinois 60602
> katie@abelsannes.com
>
> Ms. Charise Valente
> General Counsel
> Chicago Police Department
> 3510 South Michigan Avenue
> Chicago, Illinois 60653-1020
> pacola@chicagopolice.org
>
> Ms. Sarah Bown
> Freedom of Information Act Officer
> Chicago Police Department
> Office of Legal Affairs, Unit 114
> 3510 South Michigan Avenue
> Chicago, Illinois 60653
> sarah.bown@chicagopolice.org

by causing a true copy thereof to be sent electronically to the addresses as listed above and by causing to be mailed a true copy thereof in correctly addressed, prepaid envelopes to be deposited in the United States mail at Springfield, Illinois on January 9, 2019.

*Sarah L. Pratt*
SARAH L. PRATT
Public Access Counselor

SARAH L. PRATT
Public Access Counselor
Office of the Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 557-0548