**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANJANETTE YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs | ) | Case No. 19-cv-05312 |
| | ) | |
| THE CITY OF CHICAGO *et al.,* | ) | Judge John J. Tharp, Jr. |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Following the hearing conducted on December 22, 2020, and upon review of respondent Keenan J. Saulter's supplemental brief [56] and the City of Chicago's post-hearing filing [55], the Court concludes that, although Mr. Saulter violated the Agreed Confidentiality Protective Order ("Order") issued in this case by disclosing material that had been produced in discovery subject to the Order's restrictions on third party disclosures, the initiation of a contempt proceeding or other disciplinary action is unnecessary in light of Mr. Saulter's acknowledgment of his responsibility for the unauthorized disclosure at issue, the existence of a good faith basis to conclude that the subject materials were improperly designated as confidential by the City of Chicago, and the City's position that no sanction should be imposed on Mr. Saulter.

To be clear, however, to the extent that Mr. Saulter's supplemental response suggests that the Order was invalid or ambiguous, the Court rejects those arguments. The purpose of discovery in civil litigation is not to ensure public access to governmental documents or to enable litigants to air their grievances in the media. Rather, the rules of discovery serve to provide access to material information needed to support, and defend against, legal claims. If Mr. Saulter (on behalf of the plaintiff) had objections to the Order itself or to the designation of the videos at issue as confidential, the appropriate course for Mr. Saulter to have taken was to challenge the propriety of the Order and/or the confidential designation of the videos under the procedures set forth in the Order (at ¶¶ 9 and 10). Mr. Saulter did not do so, however, and therefore plainly violated the Order.

Nevertheless, several factors convince the Court that its discretion is best exercised by not imposing sanctions on Mr. Saulter for this violation. First, and most significant to the Court, is the fact that Mr. Saulter—an attorney in good standing with the ARDC and the bar of this Court and who has never been subject to disciplinary action—has forthrightly admitted that he is the party responsible for disclosing the videos and that he should have understood that the disclosure was in violation of the Order. Second, the Court agrees that there was a good faith basis for Mr. Saulter's belief that the City's failure to disclose those materials in response to Ms. Young's state law FOIA request was unlawful. While this does not excuse Mr. Saulter's error, it does suggest that the error was not the product of an intent to willfully disregard the Order but rather an error in judgment concerning the import of state law on the status of materials designated as confidential under terms

of the Order. Finally, the City's position that Mr. Saulter should not be sanctioned carries significant weight. While not dispositive (because the Court has its own interest in ensuring enforcement of its orders), the City's position confirms that the equitable factors implicated by the unauthorized disclosure favor the plaintiff rather than the City. That sort of candid acknowledgment by an opposing party is rare and significantly mitigates the Court's concerns about whether the unauthorized disclosure harmed or prejudiced the opposing party's interests.

      Accordingly, the Court takes no further action with regard to Mr. Saulter's unauthorized disclosure of the videos in question.

Dated: January 29, 2021

                                          JOHN J. THARP, JR.
                                          United States District Judge